**RHEEM MANUFACTURING COMPANY**

v.

**Robin B. CHEATHAM.**

**Civ. A. No. 91–1603.**
**Bankruptcy No. 90–10912 B.**

United States District Court,
E.D. Louisiana.

Sept. 24, 1991.

Gregory Allen Langteau, Trestman & Breaux, New Orleans, La., Patrick C. McGinity, Cyril R. Burck, Jr., Lawrence Emig Larmann, Hailey, McNamara, Hall, Larmann & Papale, Metairie, La., for plaintiff.

John Michael Duck, Philip Anthony Franco, Adams & Reese, New Orleans, La., for defendant.

## ORDER AND REASONS

LIVAUDAIS, District Judge.

Defendant Robin B. Cheatham ("Cheatham") has filed a motion to refer this civil action to the United States Bankruptcy Court on the basis that it is a "core proceeding." Plaintiff Rheem Manufacturing Company ("Rheem") opposes this motion.

This suit arises out of a financing agreement between Rheem, the manufacturer of heating and air conditioning equipment, and Heating and Cooling Equipment Sales, Inc. ("Heating and Cooling"), an authorized distributor for the resale of Rheem products. Robin Cheatham was (and still is) a lawyer who represents Heating and Cooling. After Heating and Cooling's prior financing company refused to provide financing for any future purchases of Rheem equipment, Rheem agreed to provide the financing and Heating and Cooling agreed to grant Rheem a security interest and a collateral chattel mortgage on all of its inventory, merchandise, and other movable property. Rheem employed Cheatham to perfect the security interest and collateral chattel mortgage on Heating and Cooling's movables in favor of Rheem. Heating and Cooling and Rheem also entered into a Bonded Warehouse Agreement in which equipment would be shipped to and released from the Douglas–Guardian Warehouse upon receipt of a 50% down payment, balance to be paid on the 20th day of the month following the release of the equipment.

Heating and Cooling eventually fell behind on the payments and filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court, Eastern District of Louisiana. There is pending before United States Bankruptcy Judge T.M. Brahney the question of the validity of Rheem's security interest and collateral chattel mortgage on the movables of Heating and Cooling. When the validity of the security interest and mortgage came into doubt, Rheem filed the instant civil action in this Court against Robin Cheatham, alleging that Cheatham was negligent and committed legal malpractice in failing to perfect properly Rheem's security interest and collateral chattel mortgage.

Cheatham urges this Court to find that this malpractice action is a "core proceeding" as defined in 28 U.S.C. § 157(a) and (b). A core proceeding is any case which is brought under, arises under, or is "related to" a case brought under title 11 of the United States Code. 28 U.S.C. § 157(a). Bankruptcy judges "may hear and determine all cases under title 11 and all core proceedings arising under title 11," which include, but are not limited to "matters concerning the administration of the estate", "determinations of the validity, extent, or priority of liens," proceedings to determine, avoid, or recover preferences," and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." 28 U.S.C. § 157(b)(2).

The Fifth Circuit Court of Appeals has defined a matter which is "related to" a case brought under title 11 as one whose outcome "could *conceivably* have any effect on the estate being administered in bankruptcy." *In the Matter of Wood*, 825 F.2d 90, 93 (5th Cir.1987). Cheatham alleges that the claims against him by Rheem for negligence and legal malpractice, if successful, would alter the debtor/creditor relationship between Rheem and Heating and Cooling. While the debtor/creditor relationship could be altered if Rheem's claim were successful, any recovery by Rheem would not benefit the bankruptcy estate. If the claim against Cheatham was being asserted by Heating and Cooling, then the claim would be a "core proceeding" because a successful conclusion would increase the assets in the bankruptcy estate. The cases cited by Cheatham, *In re SPI Communications & Marketing, Inc.*, 114 B.R. 14 (N.D.N.Y.1990) and *In re Harwicke Companies, Inc.*, 64 B.R. 113 (S.D.N.Y.1986) are distinguishable from the case *sub judice*, as the claims in those cases against counsel were brought by the debtor or the Trustee. Here, any recovery by Rheem would benefit Rheem only, not the bankruptcy estate.

This Court does find that this claim, though not a core proceeding, "is otherwise related" to a case under title 11. An otherwise related proceeding, as defined in 28 U.S.C. § 157(c)(1), may be referred to the bankruptcy judge for hearing. "In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the

bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1).

Presently pending before the bankruptcy judge herein is the issue of whether there is a valid lien on Heating and Cooling's movables in favor of Rheem. In reaching such a determination, the bankruptcy judge necessarily will examine the facts surrounding Cheatham's efforts in perfecting the security interest and collateral chattel mortgage in favor of Rheem. The bankruptcy judge is in a superior position to reach a decision on whether or not Cheatham was negligent, or fell below the legal standard of care, in performing the legal services in question for Rheem.

Accordingly, for the above and foregoing reasons,

IT IS ORDERED that the motion of Robin B. Cheatham to refer these proceedings to the bankruptcy court as "core proceedings" be and is hereby DENIED;

IT IS FURTHER ORDERED that this matter be referred to the United States Bankruptcy Court, Eastern District of Louisiana, as "otherwise related" proceedings pursuant to 28 U.S.C. § 157(c)(1) for submission of proposed findings of fact and conclusions of law.